08-2077-ag
National Labor Relations Board v. E-Z Supply Corp., et. al.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand and ten.

PRESENT:

    RALPH K. WINTER,
    ROGER J. MINER,
    JOSÉ A. CABRANES,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NATIONAL LABOR RELATIONS BOARD,

    *Petitioner,*

    v.                        No. 08-2077

E-Z SUPPLY CORP., SUNRISE PLUS CORP., ALTER EGOS,

    *Respondents.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PETITIONER:** | DAVID H. MORI, National Labor Relations Board, Washington, DC. |
| **FOR RESPONDENTS:** | No Appearance |

1

Motion by National Labor Relations Board ("NLRB") for adjudication in civil contempt of E-Z Supply Corp. and Sunrise Plus Corp., alter egos.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that The Hon. Brian M. Cogan, United States District Judge for the Eastern District of New York, be appointed as special master to (1) examine the claims of respondent's counsel and (2) oversee enforcement of the NLRB order.

We consider a motion for adjudication in civil contempt brought by petitioner NLRB against E-Z Supply Corp. and Sunrise Plus. Corp., alter egos (jointly, "respondent").

On March 3, 2008, following alleged unfair labor practices, the NLRB issued an order ("the order") directed at respondent to take certain actions in accordance with the National Labor Relations Act, 29 U.S.C. § 151-159.  The order required respondent to, among other things: (1) "cease and desist" from various activities meant to encourage workers to "abandon" the Union, (2) "on request, bargain" with representatives of the Industrial Workers of the World ("the Union"), and (3) compensate a group of workers through "reinstatement to their former jobs" or through making them "whole for any loss of earnings and other benefits suffered as a result of the discrimination against them."  On June 26, 2008, this Court issued a judgment to enforce the NLRB order.  On June 8, 2010, the NLRB filed a motion to have us adjudge the respondents in civil contempt for having repeatedly failed or refused to comply with the order.

When respondent did not file a response to the civil contempt motion, the Clerk of Court contacted respondent's counsel. Counsel explained that he has been temporarily suspended from the practice of law and that both E-Z Supply Corp. and Sunrise Plus Corp. are no longer in business.

In these circumstances, we appoint The Hon. Brian M. Cogan, United States District Judge for the Eastern District of New York, to serve as special master to (1) examine the claims of respondent's counsel and (2) report to this Court on any steps appropriate or necessary to effectuate the order of the NLRB, or to hold respondents in civil contempt.  Judge Cogan shall have full authority to review the record of this case before the NLRB and before this Court, and to hold such hearings (evidentiary and otherwise) as may be appropriate in the circumstances.  We encourage Judge Cogan to report to us as soon as possible, preferably no later than sixty days from the date of the filing of this order.

The mandate shall issue forthwith.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

2